**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-20429-KMW

COÖPERATIEVE RABOBANK U.A.,
NEW YORK BRANCH, BROWN
BROTHERS HARRIMAN & CO., BANK
HAPOALIM B.M., MITSUBISHI
INTERNATIONAL CORPORATION,
ICBC STANDARD BANK PLC,
TECHEMET METAL TRADING, LLC,
WOODFOREST NATIONAL BANK and
BANK LEUMI USA,

    Plaintiffs,

v.

LINDSEY RUBIN,

    Defendant.
_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Lindsey Rubin ("Defendant"), through undersigned counsel, files her Answer and Affirmative Defenses to the Complaint [ECF 1] (the "Complaint") filed by Plaintiffs Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading, LLC, Woodforest National Bank and Bank Leumi USA (collectively, the "Plaintiffs") and states as follows:

1.     Admitted as to the purported purpose of the Complaint; denied as to any factual allegations.

## **Parties**

2.     Admitted.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Admitted that Defendant is secretary and was a director of Republic; denied as to remaining allegations.

12. Admitted.

## Jurisdiction and Venue

13. Without knowledge, therefore denied.

14. Admitted that this Court has personal jurisdiction over Defendant.

15. Admitted that Defendant resides in this jurisdiction; denied as to remaining allegations.

## Factual Allegations

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Without knowledge, therefore denied.

22. Denied.

23. Admitted that Republic obtained loans; denied as to remaining allegations.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. The referenced document speaks for itself. Without knowledge, therefore denied as to any factual allegations.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. As the transfer referred to in this paragraph is not the subject of the relief sought in the Complaint, no response is required. To the extent a response is required, denied.

35. As the transfers referred to in this paragraph are not the subject of the relief sought in the Complaint, no response is required. To the extent a response is required, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT I

**(Actual Fraudulent Transfer Under Fla. Stat. § 726.105(1)(a))**

41. Defendant re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. This paragraph contains a recitation of Florida law to which no response is required. To the extent a response is required, denied.

43. Denied.

44. Denied.

45. Denied, including all subparagraphs.

46. Denied.

## COUNT II

**(Constructive Fraudulent Transfer Under Fla. Stat. § 726.105(1)(b))**

47. Defendant re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 of the Complaint as though fully set forth herein.

48. This paragraph contains a recitation of Florida law to which no response is required. To the extent a response is required, denied.

49. Denied.

50. Denied.

51. Denied.

**WHEREFORE**, having answered the Complaint and raising the following affirmative defenses thereto, Defendant respectfully requests the entry of judgment in her favor and an order awarding her reasonable attorneys' fees under any applicable agreement or law, including but not limited to those recoverable as sanctions under Fed. R. Civ. P. 11.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint and reserves the right to assert additional affirmative defenses as discovery unfolds and additional defenses become apparent:

### First Affirmative Defense – Standing

The Plaintiffs lack standing to assert the causes of action set forth in the Complaint.

### Second Affirmative Defense – Lack of Subject Matter Jurisdiction

Because the Plaintiffs lack standing to assert the causes of action set forth in the Complaint, the Court lacks subject matter jurisdiction over this case.

### Third Affirmative Defense – Laches

Upon information and belief, the Plaintiffs had knowledge of all transfers referenced in the Complaint at or near the time they were made. Plaintiffs failed to assert their rights notwithstanding their knowledge of the transfers and an opportunity to initiate suit or otherwise assert the claims alleged in the Complaint. Defendant, meanwhile, lacked knowledge that Plaintiffs would assert the claims set forth in the Complaint and is injured and prejudiced as a result.

### Fourth Affirmative Defense – Waiver

Upon information and belief, the Plaintiffs had knowledge of all transfers referenced in the Complaint at or near the time they were made. Plaintiffs therefore had actual or constructive knowledge of their rights to assert the claims set forth in the Complaint but intentionally chose not to assert those rights notwithstanding that knowledge. Plaintiffs' claims are therefore barred by waiver.

### Fifth Affirmative Defense – Ratification

Upon information and belief, the Plaintiffs had knowledge of all transfers referenced in the Complaint at or near the time they were made. Plaintiffs, through their silence or inaction, ratified the Debtors' making of the alleged transfers to Defendant and are therefore estopped from bringing the claims asserted in the Complaint.

### Sixth Affirmative Defense – Statute of Repose

Certain of the transfers that form the basis of Plaintiffs' claims occurred outside the time periods set forth by Fla. Stat. 726.110, notwithstanding any applicable tolling periods. Plaintiffs' causes of action or portions thereof are therefore extinguished.

Respectfully submitted,

BAST AMRON LLP
*Counsel for Lindsey Rubin*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: bamron@bastamron.com
Email: zlaux@bastamron.com

By: */s/ Zakarij N. Laux*
    Brett M. Amron, Esq. (FBN 0148342)
    Zakarij N. Laux, Esq. (FBN 93784)

### CERTIFICATE OF SERVICE

I hereby certify that on this March 1, 2019, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF system where available, on the parties registered to receive electronic notification.

By: */s/ Zakarij N. Laux*